

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2008 SEP 26  PM 3:39

CLERK OF COURT

| | |
|---|---|
| FLEXIBLE INNOVATIONS, LTD., and FRED A. ANTONINI  §§§§§§§§§§§§ | |
| Plaintiffs, | **4-08CV-582-Y** |
| v. | CIVIL ACTION NO. _____ |
| STICKKEY SECURITY ACCESS PTE, LTD., FAST INNOVATIONS ASIA PTE, LTD. and LEONARD WEE | A JURY IS DEMANDED |
| Defendants. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Flexible Innovations, Ltd. and Fred A. Antonini submit their Complaint against Defendants Stickkey Security Access Pte, Ltd., Fast Innovations Asia Pte, Ltd. and Leonard Wee and allege as follows:

### I. PARTIES

1.    Plaintiff Flexible Innovations, Ltd. is a Texas limited partnership, having its principal place of business at 1120 South Freeway, Suite 204, Fort Worth, Texas 76104, and is sometimes hereinafter referred to as "FI".

2.    Plaintiff Fred A. Antonini is an individual who resides in Tarrant County, Texas and is sometimes hereinafter referred to as "Antonini". Antonini is the president of Antonini Enterprises, Inc., the General Partner for Plaintiff FI.

3. Defendant Stickkey Security Access Pte, Ltd., is a Singapore incorporated company having its principal place of business 103 Beach Road, #03-01, Premier Centre, Singapore 189704 and is sometimes hereinafter referred to as "SK". Defendant SK may be served at the aforementioned address with summons and process by and through (1) letters rogatory; (2) using any form of mail that the clerk addresses and sends to the foreign corporation and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the Court may order.

4. Defendant Fast Innovations Asia Pte, Ltd. (previously known as First Innovation Asia Pte, Ltd.), is a Singapore incorporated company having its principal place of business 103 Beach Road, #03-01, Premier Centre, Singapore 189704 and is sometimes hereinafter referred to as "FIA". Defendant FIA may be may be served at the aforementioned address with summons and process by and through (1) letters rogatory; (2) using any form of mail that the clerk addresses and sends to the foreign company and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the Court may order.

5. Upon information and belief, Defendant SK is the majority shareholder of Defendant FIA.

6. Upon information and belief, Defendant Leonard Wee is an individual that resides at 5000B Marine Parade Road, #23-08, Laguna Park, Singapore 449285 and does business at 103 Beach Road, #03-01, Premier Centre, Singapore 189704 and is sometimes hereinafter referred to as "Wee". Defendant Wee is the managing director of



Defendant SK and is believed to be in upper management with Defendant FIA. Defendant Wee may be may be served at either of the aforementioned addresses with summons and process by and through (1) letters rogatory; (2) using any form of mail that the clerk addresses and sends to the foreign individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the Court may order.

7. Upon information and belief, Defendant Wee is a principal in both Defendant SK and Defendant FIA.

8. Upon information and belief, Defendant Wee has disregarded the corporate form of Defendant SK and Defendant FIA for his own personal interest.

9. Upon information and belief, Defendant Wee over extended his privilege and use of the corporate entity of Defendant SK and Defendant FIA in order to defeat justice, perpetrate fraud and evade tort liability.

10. Upon information and belief, Defendant Wee is the alter ego of Defendant SK.

11. Upon information and belief, Defendant Wee is the alter ego of Defendant FIA.

## II. JURISDICTION AND VENUE

12. This court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 and 1338(a), as amended, for claims arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, under 15 U.S.C. § 1121. This court has jurisdiction under 28 U.S.C. § 1332 as this controversy exceeds the sum or value of $100,000, exclusive of

interest and costs, and is between Plaintiffs who reside in Tarrant County, Texas and Defendants, all of whom reside in Singapore. Defendants are subject to jurisdiction of this court as Defendants do business within this judicial district, have entered into contracts with Plaintiffs in this district, and/or have committed infringing acts within this district, all as set out more fully hereinbelow.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) as Defendants are all aliens and pursuant to 28 U.S.C. § 1391 generally as Defendants do business in this judicial district and have committed acts of breach and infringement within this district.

### III. FACTS COMMON TO ALL COUNTS

14. Antonini is the sole inventor and owner of certain intellectual property related to silicone elastomer films and skins, including inventions, patent applications, trade secrets, know how, and confidential information, some of which that has been and is the subject of pending U.S. and international patent applications (hereinafter collectively referred to as "Antonini's IP Rights").

15. The subject matter of Antonini's IP Rights is marketed and distributed through Plaintiff FI in association with the marks EGRIPS, EGRIPS TECHNOLOGY, and PHONE TREDZ, TREDZ, TANK TREDZ marks which include U.S. and other foreign registrations (hereinafter "FI's Marks"). Copies of selected registrations of Plaintiff FI's Marks are attached hereto as Pleading Exhibit 1.

16.     On or about February 8, 2008, Plaintiff FI entered into a "Supply Agreement" with Defendant SK which included, *inter alia*, a "Non-Exclusive License Agreement" as entered into between Plaintiffs Antonini and FI on one part and Defendant SK on the other, for "STICKKEY" product as defined below. A copy of the "Supply Agreement", including the attached "Non-Exclusive License Agreement" (collectively hereinafter "the Agreement"), is attached hereto as Pleading Exhibit 2.

17.     Pursuant to this Agreement, Defendant SK ordered some 10,000 units of "EGRIPS" branded product from Plaintiff FI for Defendants' "STICKKEY" product. As a part of this order, Plaintiff FI supplied graphics (hereinafter "FI's Graphics") as shown in Pleading Exhibit 3 attached hereto, that Defendant SK was permitted to use.

18.     Pursuant to the terms of the Agreement, Defendant SK then marketed and sold its "STICKKEY" product – a product that embeds a RFID (a radio frequency identification) chip within the silicone films and skins provided by Plaintiff FI. This authorized product was branded with Defendant SK's "STICKKEY" mark, FI's Marks (principally "EGRIPS") and FI's Graphics (as detailed in Pleading Exhibit 3).

19.     Upon information and belief and unbeknownst to Plaintiffs, Defendants subsequently created "STICKKEY" packaging artwork, as shown in Pleading Exhibit 4, incorporating FI's Marks and FI's Graphics, but not using elastomeric silicone films provided by Plaintiff FI, some of which incorporate RFID chips, some not. As shown in Pleading Exhibit 5, Defendants also offer its "STICKKEY" branded product, using FI's

Graphics, with no reference to the "EGRIPS" mark of Plaintiffs. The products shown in Pleading Exhibits 4 and 5 are hereinafter collectively referred to as "Unlicensed Product".

20. Upon information and belief and without the written permission of Plaintiff FI, Defendant SK began to increase marketing and sales of its Unlicensed Product by and through Defendant FIA, all under the direction of Defendant Wee.

21. Defendants have advertised and promoted their Unlicensed Product by handouts [such as at the Singapore Fashion Festival Trade Show (Pleading Exhibit 6)] and on their website www.fia.com.sg. This website is received in the United States and in this District. Selected pages from Defendants' website are attached hereto as Pleading Exhibit 7, showing Defendants' "STICKKEY" product, FI's Marks and referencing Antonini's IP Rights.

22. Upon information and belief, Defendants have outsourced their purchase of silicone elastomer films and skins from third parties, now unknown to Plaintiffs FI and Antonini. Such Unlicensed Product misappropriates Plaintiff Antonini's IP Rights and Plaintiff FI's Marks.

23. Upon information and belief, Defendants have began to market and sell their Unlicensed Product as being a genuine "EGRIPS" product when in fact the product is not a genuine "EGRIPS" product, but rather a product provided by a third party. The unauthorized use of Plaintiff FI's Marks in association with Defendants Unlicensed Product constitutes an infringement of the trademark rights that Plaintiff FI has in and to FI's Marks

and is contrary to and in breach of the provisions of the Non-Exclusive License Agreement entered into between Plaintiffs FI and Antonini and Defendant SK.

24. Plaintiff Antonini has disclosed his IP Rights, including confidential information, know how, and trade secrets, to Defendant SK in order to allow Defendants to establish their "STICKKEY" business that they are now actively promoting. Upon information and belief, Defendants have misappropriated such information from Plaintiff Antonini and have wrongfully shared that information with third parties to aid in the development and manufacture of their current Unlicensed Product.

25. Upon information and belief the Unlicensed Product that is being sold by Defendants is currently a misappropriation of Antonini's IP Rights as licensed to Defendant SK in the Non-Exclusive License Agreement and a breach of the confidentiality obligations of the Agreement. Defendants were never authorized to secure their silicone elastomer films and skins from any party other than Plaintiff FI, but contrary thereto, have sought to and did receive supplies of Unlicensed Product from third party sources. Such actions constitute a breach of the Agreements' requirement that "SK and SK's licensees shall purchase from FI one hundred percent (100%) of SK and SK's licensee's requirements for Material and graphics."

26. Defendant SK has breached the Agreement with Plaintiffs by permitting Defendants FIA and Wee to manufacture and distribute the Unlicensed Product incorporating Plaintiff Antonini's IP Rights and Plaintiff FI's Mark contrary to the terms of the Agreement.

27.  Defendants are infringing Plaintiff FI's Marks by actively labeling a non-genuine FI product as being a FI product by marking such with FI's Marks (such as "EGRIPS") and FI's Graphics.  Such actions have caused irreparable harm and damage to the goodwill of Plaintiff FI in and to its Marks and further constitutes trademark infringement and unfair competition with Plaintiff FI.

## IV.  COUNT ONE
### Federal Trademark Infringement, Counterfeiting, and Unfair Competition

28.  Each of the foregoing paragraphs in this Complaint is hereby incorporated into this count by reference.

29.  Defendants use of Plaintiff FI's Marks on their Unlicensed Product and throughout their marketing materials, internet site, and otherwise, in association with Defendants offering for sale, selling and advertising their Unlicensed Product, constitutes an infringement of FI's Marks, which infringement is likely to cause Plaintiff FI injury and damage in violation of 15 U.S.C. § 1114, *et seq.*

30.  Defendants use of Plaintiff FI's Marks on their Unlicensed Product using FI's Marks but not using genuine "EGRIPS" silicone elastomer films and skins and throughout their marketing materials, internet site, and otherwise, in association with Defendants offering sale, selling and advertising their Unlicensed Product, constitutes counterfeiting in violation of 15 U.S.C. § 1114, *et seq.*

31.  Defendants use of Plaintiff FI's Marks on their Unlicensed Product constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).  To this end, pleading based on likely evidentiary support after reasonable opportunity for further

investigation or discovery, Defendants have used Plaintiff FI's Marks in commerce or made a false designation of origin which is likely cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff FI or has suggested the approval of Defendants' Unlicensed Product by Plaintiff FI in violation of 15 U.S.C. §1125(a)(1)(A).

32. Defendants use of Plaintiff FI's Graphics on their Unlicensed Product constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a). To this end, pleading based on likely evidentiary support after reasonable opportunity for further investigation or discovery, Defendants have used Plaintiff FI's Graphics in commerce or made a false designation of origin which is likely cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff FI or has suggested the approval of Defendants' Unlicensed Product by Plaintiff FI in violation of 15 U.S.C. §1125(a)(1)(A).

33. Defendants have also adopted the corporate identification of Fast Innovations as its company name in an effort to trade upon the goodwill of Plaintiff FI's corporate name, Flexible Innovations, such that Defendants' use in commerce of such name is a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff FI or has suggested the approval of Defendants by Plaintiff FI, in violation of 15 U.S.C. § 1125(a)(1)(A).

34. Pleading based upon likely evidentiary support after reasonable opportunity for further investigation or discovery, Defendants have obtained profits from their infringement and unfair competition as stated above and Plaintiff FI has been damaged thereby. Plaintiffs seek recovery of these amounts pursuant to 15 USC § 1117(a) or statutory damages pursuant to 15 USC § 1117(c), or such amounts as the court shall find to be just, as well as costs and attorney's fees as being an exceptional case under 15 U.S.C. § 1117(a). Plaintiffs have hired the undersigned counsel to represent Plaintiffs with respect to this claim and have agreed to pay them reasonable and necessary attorney's fees incurred in conjunction therewith.

## V. COUNT TWO
## BREACH OF CONTRACT

35. Each of the foregoing paragraphs in this Complaint is hereby incorporated into this count by reference.

36. Pleading based on likely evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant SK has breached its Agreement with Plaintiffs FI and Antonini (a) by failing to purchase 100% of their material and graphics from Plaintiff FI (b) by misappropriating Plaintiff Antonini's IP Rights (c) by using Plaintiff FI's Marks on their Unlicensed Product (d) by using Plaintiff FI's Graphics on their Unlicensed Product (e) by failing to maintain in confidence all confidential disclosures by Plaintiff Antonini pertaining to his IP Rights and (f) by cooperating with and encouraging Defendants FIA and Wee to manufacture and distribute the Unlicensed Product

incorporating Antonini's IP Rights, FI's Mark and FI's Graphics, all contrary to the terms of the Agreement.

37. Pleading based upon likely evidentiary support after reasonable opportunity for further investigation or discovery, Defendants have obtained profits from their breach of contract as stated above and Plaintiff FI has been damaged thereby. Plaintiffs seek recovery of these amounts, or such amounts as the court shall find to be just, as well as costs and attorney's fees. Plaintiffs have hired the undersigned counsel to represent Plaintiffs with respect to this claim and have agreed to pay them reasonable and necessary attorney's fees incurred in conjunction therewith.

## PRAYER

WHEREFORE, Plaintiffs pray that this court enter judgment:

a. Preliminarily and permanently enjoining their Defendants, their officers, directors, employees, agents and all persons in active concert with them from: (1) using Plaintiff FI's Marks, Plaintiff FI's Graphics or any other words or graphics confusingly similar thereto in association with any product of Defendants or from otherwise infringing or otherwise inducing others to infringe and/or committing acts contributing to the infringement of Plaintiff FI's Marks or Plaintiff FI's Graphics; (2) performing any act or using any word, name, style, title or mark that is likely to cause confusion, cause mistake, to deceive or to otherwise mislead the trade or the public into believing

that Plaintiff FI and Defendants are one in the same or in some way connected or that Plaintiff FI is a sponsor of Defendants or their goods or that Defendants are in some manner affiliated, associated with or under the supervision or control of Plaintiff FI or that the product of Defendants originated or are approved by Plaintiff FI or is likely in any way to lead the trade or the public to associate Defendants with Plaintiffs; (3) using any words, names, styles, symbols, titles or marks that create a likelihood of injury to the business reputation of Plaintiffs or a likelihood of misappropriation or dilution of Plaintiffs name and FI's Marks and all goodwill associated therewith; and (4) using any trade practices whatsoever including those complained of herein which tend to unfairly compete with or injure Plaintiff's business or goodwill.

b.   Finding that Defendants have violated the Lanham Act.

c.   That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendants bearing any of FI's Marks or Plaintiff FI's Graphics and all plates, molds, matrices and other means of making same shall be delivered up for destruction pursuant to 15 U.S.C. § 1118.

d.   Awarding Plaintiffs an amount that adequately compensates them for the violation of the Lanham Act together with treble damages, court

        costs, prejudgement interest, post judgement interest, and attorney's fees under 15 U.S.C. § 1117.

e.   Preliminarily and permanently enjoining their Defendants, their officers, directors, employees, agents and all persons in active concert with them from misappropriating Antonini's IP Rights and violating their duty of confidentiality as it relates thereto.

f.   Declaring that Defendants have breached their contract with Plaintiffs FI and Antonini.

g.   Awarding Plaintiffs an amount that adequately compensates them for the aforementioned acts of misappropriation, confidentiality violations, and breach of contract, together with all damages, actual, exceptional, punitive or otherwise, court costs, prejudgement interest, post judgement interest, and attorney's fees, as is permitted by law.

h.   Granting Plaintiffs such other, further or different relief that justice requires.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), F.R.C.P., Plaintiffs demand a jury trial on all claims and issues triable by jury.

Respectfully submitted,

By: _____
RICHARD L. SCHWARTZ
SBN 17869500
WHITAKER CHALK SWINDLE & SAWYER L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501

ATTORNEYS FOR PLAINTIFFS
FLEXIBLE INNOVATIONS, LTD. AND
FRED A. ANTONINI